IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TANDBERG, INC., <br><br> Plaintiff, <br><br> v. <br><br> MULTIMEDIA PATENT TRUST, <br><br> Defendant. | Civil Action No. <br><br> Demand for Jury Trial |

## COMPLAINT FOR DECLARATORY RELIEF

As and for its Complaint, Plaintiff Tandberg, Inc. ("Tandberg") alleges as follows:

### PARTIES

1. Tandberg is a Delaware corporation with its principal place of business in Reston, Virginia.

2. On information and belief, Multimedia Patent Trust ("MPT") is a Delaware statutory trust created under the laws of the Delaware Statutory Trust Act, 12 Dec. C. §§ 33801, *et seq.* On information and belief, MPT's trustee is Wilmington Trust Company ("Wilmington Trust"), having a principal place of business at Rodney Square North, 1100 North Market Street, Wilmington, Delaware, 19890.

### JURISDICTION

3. This case arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4. This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

5.  This Court has personal jurisdiction over MPT because, on information and belief, Defendant is a Delaware statutory trust created under the laws of the Delaware Statutory Trust Act (12 Dec. C. §§ 33801, *et seq.*) and Defendant's trustee (Wilmington Trust), on information and belief, is a Delaware corporation (1) having designated a registered agent in this district; (2) conducting substantial business in this district; and/or (3) regularly soliciting business from, conducting business with, and deriving revenue from goods and services provided to customers in this district.

## VENUE

6.  Venue is proper in this judicial district pursuant to 35 U.S.C. § 1391.

## BACKGROUND

7.  On information and belief, MPT is the owner by assignment of the following United States Patents (collectively, "the patents-in-suit"):

    a.  United States Patent No. 5,227,878 entitled "ADAPTIVE CODING AND DECODING OF FRAMES AND FIELDS OF VIDEO" ("the '878 patent"), which issued on July 13, 1993 to Atul Puri and Rangarajan Aravind (Exhibit A hereto);

    b.  United States Patent No. 5,136,377 entitled "ADAPTIVE NON-LINEAR QUANTIZER" ("the '377 patent"), which issued on August 4, 1992 to James D. Johnston et al. (Exhibit B hereto);

    c.  United States Patent No. 4,958,226 entitled "CONDITIONAL MOTION COMPENSATED INTERPOLATION OF DIGITAL MOTION VIDEO" ("the '226 patent"), which issued on September 18, 1990 to Barin G. Haskell and Atul Puri (Exhibit C hereto);

   d. United States Patent No. 5,500,678 entitled "OPTIMIZED SCANNING OF TRANSFORM COEFFICIENTS IN VIDEO CODING" ("the '678 patent"), which issued on March 19, 1996 to Atul Puri (Exhibit D hereto); and

   e. United States Patent No. 5,563,593 entitled "VIDEO CODING WITH OPTIMIZED LOW COMPLEXITY VARIABLE LENGTH CODES" ("the '593 patent"), which issued on October 8, 1996 to Atul Puri (Exhibit E hereto).

  8. On July 8, 2008, MPT sent a letter to Tandberg asserting, *inter alia*, that "all of [Tandberg's] products capable of decoding and/or encoding data in a manner that is compliant with the MPEG-2, MPEG-4, or H.264 video standards infringe (either directly or indirectly) one or more claims of [the patents-in-suit]." MPT further asserted in its July 8, 2008 letter that "MPT's patents are the subject of litigation between MPT and Microsoft Corp. Previously, Gateway, Inc. and Dell, Inc. were in the suit, but they have recently settled the matter with MPT, both for significant amounts and on terms favorable to MPT."

  9. On September 5, 2008, MPT sent (through its agent IPValue Management) a letter to Tandberg identifying particular Tandberg products that MPT alleged infringed the patents-in-suit.

  10. In view of MPT's July 8, 2008 and September 5, 2008 letters, Tandberg has participated in good-faith licensing negotiations with MPT, including participating in a meeting with representatives for MPT on June 18, 2009. During such negotiations, Tandberg has denied that its products infringe any valid claim of the patents-in-suit. At present, the parties are at an impasse and are unable to reach an agreement regarding reasonable terms and conditions for a license.

11. On February 13, 2009, MPT filed a complaint in the U.S. District Court for the Southern District of California alleging infringement of the patents-in-suit against several companies. That case is now pending before Judge Huff as Civil Action No. 3:09-CV-00278 (the "California Litigation").

12. In view of the facts and circumstances here, including (1) MPT's prior litigation against Microsoft Corp., Gateway, Inc., and Dell, Inc. (2) MPT's pending California Litigation; (3) MPT's assertions that Tandberg's products infringe the patents-in-suit; (4) Tandberg's contention that its products do not infringe any valid claim of the patents-in-suit; and (5) Tandberg's desire to be able to sell its products without the continuing threat of litigation, an actual and justiciable controversy exists between Tandberg and MPT concerning whether the patents-in-suit are infringed and invalid. This is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Tandberg seeks a declaration from this Court resolving the present controversy.

## COUNT I
### Declaratory Judgment of Non-Infringement and Invalidity of United States Patent No. 5,227,878

13. The allegations of paragraphs 1 through 12 are incorporated by reference as though fully set forth herein.

14. Tandberg has not infringed and is not infringing, directly, indirectly, contributorily, by active inducement, or otherwise, any valid claim of the '878 patent.

15. One or more claims of the '878 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. § 101 *et seq.*

## COUNT II
### Declaratory Judgment of Non-Infringement and Invalidity of United States Patent No. 5,136,377

16. The allegations of paragraphs 1 through 12 are incorporated by reference as though fully set forth herein.

17. Tandberg has not infringed and is not infringing, directly, indirectly, contributorily, by active inducement, or otherwise, any valid claim of the '377 patent.

18. One or more claims of the '377 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. § 101 *et seq*.

## COUNT III
### Declaratory Judgment of Non-Infringement of United States Patent No. 4,958,226

19. The allegations of paragraphs 1 through 12 are incorporated by reference as though fully set forth herein.

20. Tandberg has not infringed and is not infringing, directly, indirectly, contributorily, by active inducement, or otherwise, any valid claim of the '226 patent.

## COUNT IV
### Declaratory Judgment of Non-Infringement of United States Patent No. 5,500,678

21. The allegations of paragraphs 1 through 12 are incorporated by reference as though fully set forth herein.

22. Tandberg has not infringed and is not infringing, directly, indirectly, contributorily, by active inducement, or otherwise, any valid claim of the '678 patent.

## COUNT V
### Declaratory Judgment of Non-Infringement
### of United States Patent No. 5,563,593

23.     The allegations of paragraphs 1 through 12 are incorporated by reference as though fully set forth herein.

24.     Tandberg has not infringed and is not infringing, directly, indirectly, contributorily, by active inducement, or otherwise, any valid claim of the '593 patent.

### REQUEST FOR RELIEF

WHEREFORE, Tandberg prays for judgment against MPT as follows:

(a)     Declaring that the '878 patent is not infringed by Tandberg's products, and is invalid;

(b)     Declaring that the '377 patent is not infringed by Tandberg's products, and is invalid;

(c)     Declaring that the '226 patent is not infringed by Tandberg's products;

(d)     Declaring that the '678 patent is not infringed by Tandberg's products;

(e)     Declaring that the '593 patent is not infringed by Tandberg's products;

(f)     Awarding Tandberg its costs and disbursements in this action, including its reasonable attorneys' fees; and

(g)     Granting Tandberg such other relief as the Court deems just and equitable.

Dated: June 23, 2009

DRINKER BIDDLE & REATH LLP

*[signature]*

Kathleen M. Jennings (No. 913)
David P. Primack (No. 4449)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
(302) 467-4200 - Telephone
(302) 467-4201 Facsimile
Kathleen.Jennings@dbr.com
David.primack@dbr.com

-and-

*Admission Pro Hac Vice pending:*
Richard D. Kelly
Robert C. Mattson
Eric W. Schweibenz
Robert S. Cabral
OBLON, SPIVAK, McCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

*Counsel for Plaintiff Tandberg, Inc.*